UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:23-cr-00129-LK |
| Plaintiff, | ORDER DENYING MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE |
| v. | |
| MICHAEL WAYNE POWELL, | |
| Defendant. | |

This matter comes before the Court on Michael Powell's Motion for Early Termination of Supervised Release. Dkt. No. 5. The Government and United States Probation oppose the motion. *See id.* at 3; Dkt. No. 7; Dkt. No. 8 at 1 n.1. For the reasons discussed below, the Court commends Mr. Powell for his accomplishments and progress, but denies his motion without prejudice to renewing it after more time under supervision.

**I.   BACKGROUND**

In November 2016, Mr. Powell pleaded guilty in the District of Montana to Conspiracy to Distribute Methamphetamine, in violation of 21 U.S.C. § 846. Dkt. No. 2-1 at 2; *see also* Dkt. No. 2 at 2; Dkt. No. 2-2 at 1. On March 23, 2017, the district court sentenced him to 132 months'

ORDER DENYING MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE - 1

imprisonment and five years of supervised release. Dkt. No. 2-2 at 1–3. Mr. Powell's term of supervised release began on December 16, 2022 and is scheduled to end on December 15, 2027. Dkt. No. 1 at 1. On August 11, 2023, the undersigned accepted a transfer of jurisdiction for the duration of Mr. Powell's term of supervised release. *Id.*

Mr. Powell represents that he was a model prisoner during his period of incarceration and that he had "no incidents or writeups." Dkt. No. 5 at 2. He also worked to overcome his drug addiction and sought out programs to assist in his successful transition back into the community, including a Dual Diagnosis Residential Drug Abuse Program ("RDAP")—addressing both his drug addiction and mental health needs—as well as an Electrician Apprenticeship Program and a 120-hour Home Inspection Program. *See id.* at 2–3; Dkt. No. 5-1 at 2 (RDAP certificates); Dkt. No. 5-2 at 2 (vocational program certificates). Mr. Powell states that he was assessed for further treatment following his release to a halfway house, and none was recommended. Dkt. No. 5 at 2–3; Dkt. No. 8 at 2.

During his first 19 months of supervision, Mr. Powell has not violated the conditions of his supervised release, which include monthly reports and random urinalysis testing. Dkt. No. 5 at 3; *see* Dkt. No. 2-2 at 4–5. In July 2022, he began working for Solterra Solar and on June 20, 2024, he passed the testing requirements to become a licensed residential electrician. Dkt. No. 5 at 4; *see also* Dkt. No. 5-3 at 2–3 (letter of support from Kurt Chhay, Residential Project Manager at Solterra). Mr. Powell is active in adult softball leagues, is an avid fisherman and hiking enthusiast, and has submitted letters from friends and family attesting to his success on supervision. *See generally* Dkt. No. 5-4.

## II.   DISCUSSION

Mr. Powell seeks early termination of his term of supervised release because he "has obtained the maximum benefit of supervision and does not need that guidance and overview" any

longer. Dkt. No. 5 at 5; *see also id.* ("He is no longer the man who was sentenced in 2017 to over ten years in prison. It is unthinkable that he would ever revert to criminal activity and jeopardize all that he has accomplished."); Dkt. No. 8 at 1 ("He is sober, productively employed, and surrounded by a supportive pro-social community. In every way that is available to him, Mr. Powell has proven that he is rehabilitated."). As noted above, neither the Government nor Probation support Mr. Powell's motion. Dkt. No. 5 at 3; Dkt. No. 7. Mr. Powell states that Probation "does not support early termination because of his extensive criminal history," Dkt. No. 5 at 3, which, according to Mr. Powell, is a byproduct of "Probation's policy, rather than a particularized analysis of [his] conduct," Dkt. No. 8 at 1 n.1.[1] The Government argues that "[s]upervision is an important part of Mr. Powell's sentence, not only to provide him with structure and support that will incentive him to prioritize his sobriety, but also to protect the public by assuring that individuals who have committed crimes are being supervised[.]" Dkt. No. 7 at 2.

Early termination of supervised release is governed by 18 U.S.C. § 3583(e)(1), which "provides that, after considering a subset of the sentencing factors set forth in 18 U.S.C. § 3553(a), a court may terminate a term of supervised release if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." *United States v. Ponce*, 22 F.4th 1045, 1047 (9th Cir. 2022) (quotation marks and citation omitted); *see also* 18 U.S.C. § 3583(e)(1). District courts maintain discretion "to consider a wide range of circumstances when determining whether to grant early termination." *Ponce*, 22 F.4th at 1047 (quoting *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014)). Notably, the Ninth Circuit has clarified that early termination of supervised release is not "reserved for rare cases of exceptionally good behavior." *Id.* (quotation marks and citation omitted).

---

[1] Probation did not submit a separate filing regarding its position.

ORDER DENYING MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE - 3

Based on the Court's review of the record, and in particular, Mr. Powell's letters of support, it is clear that he has used this sentence as a meaningful opportunity to rehabilitate. Over the past year and a half on supervision, Mr. Powell has made great strides—personally and professionally—and the Court commends him for his progress and exemplary conduct. Nevertheless, having considered the relevant factors required under Section 3583(e), the Court concludes that the interests of justice do not warrant the termination of the terms of his supervised release at this relatively early juncture (approximately one-third of the way to completing his full term). Specifically, the Court finds that, in light of the nature and circumstances of Mr. Powell's offense and his history and characteristics, additional supervision will help to ensure that the positive steps Mr. Powell has taken to date, including the skills he has gained from vocational training and substance abuse treatment, culminate in a lasting change in his lifestyle. *See* 18 U.S.C. § 3553(a)(1), (a)(2)(C)–(D). In addition, the Court finds that maintaining Mr. Powell's supervision at this stage will help deter future criminal conduct. *Id.* § 3553(a)(2)(B).[2] If Mr. Powell continues to perform well under supervision over the next year, the Court encourages him to re-petition for early termination of supervised release.

### III.  CONCLUSION

For the reasons stated herein, Mr. Powell's Motion for Early Termination of Supervised Release, Dkt. No. 5, is DENIED.

Dated this 29th day of July, 2024.

*Lauren King*
Lauren King
United States District Judge

---

[2] The Court notes that the factors set forth in Subsections 3553(a)(4)–(a)(6) do not weigh in favor of early termination, and Subsection 3553(a)(7) is inapplicable because Mr. Powell was not ordered to pay restitution as part of his conviction. *See* Dkt. No. 2-2 at 6.

ORDER DENYING MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE - 4